Good morning, Your Honors, and may it please the Court. My name is Caitlin Murphy appearing on behalf of the appellants and cross appellees, including the City and County of San Francisco. At the outset, the City respectfully requests that this Court dismiss both the appeal and the cross appeal because they are based on a now expired district court order. The district court issued its preliminary injunction on January 31st, 2020. Plaintiff did not move to have that injunction made final within 90 days, and so pursuant to the 90-day provision of the PLRA at 18 U.S.C., Section 3626, the injunction expired on April 30th, 2020. The district court confirmed that the injunction expired on December 3rd when it denied as moot the City's motion to stay the injunction pending appeal. Both the appeal and the cross appeal concern the scope of that now expired district court injunction. The City's appeal is clearly moot, but why is the cross appeal mooted? It seems that they're just appealing the denial of injunctive relief. Because the district court didn't deny injunctive relief. Instead, it issued injunctive relief, but in a narrower scope than plaintiff requested. And so plaintiffs are not appealing the denial of a district court order. They're appealing the scope of a district court order that was granted. Additionally, in this case, it wouldn't make sense for the court to rule on the now expired injunction because plaintiff has subsequently filed a second motion for a preliminary injunction that's fully brief and set for hearing in the district court this coming Monday on March 15th. Additionally, the relief that plaintiff requests in the second preliminary injunction is not the same as what's requested in their cross appeal. If the district court had denied the plaintiff's motion for injunctive relief and the plaintiff now appeals, would that appeal be moot? No, if the district court had in its entirety denied plaintiff's motion for preliminary injunction, then we would agree that the PLRA's limits apply to expiration of an injunction that's issued, not the denial of an injunction. That's simply not the case here. Again, the district court did issue a preliminary injunction concerning the matters plaintiffs raised on cross appeal. So if we think that to be a denial of their motion for relief, which it was in part, right, then their appeal of that denial would not be moot. It would not be moot under the PLRA. I think it would still be error to issue a relief on the merits in this case for two reasons. One is the relief plaintiffs seek is an order from this court requiring the district court to modify the now expired injunction. Or issue an injunctive relief, right? It would be an order that the district court ordered in denying the relief sought by plaintiffs and then the district court could decide what to do. It's odd that there's another motion, but I don't see why they have an XR decision. That's really a problem for the district court, right? I believe it's a problem for this court because again, even if this court were to find that the district court's order was not regarding the scope of the required injunction, but in effect, a denial of the injunction, we're still in a circumstance where a plaintiff is now requesting different relief before the district court. So for example, in this case- But if that's not on appeal, what's on appeal is that the plaintiff didn't get to be included in the category that the court granted the preliminary injunction on. So why, let's just, let's play it out. Let's assume that we agreed with the plaintiff that it was an abuse of discretion, why wouldn't the court go back, because we're only talking about either one or two plaintiffs, depending on how you count the days, why wouldn't the court be able to go back and enter relief as to those individuals? That's not what the plaintiffs are seeking in their cross appeal. The cross appeal isn't limited to one or two main plaintiffs. It's requesting an order that the district court, as a matter of law, enjoin or require the sheriff's office to provide outdoor recreation for all inmates in its custody. Can you explain whether the district court has any authority to do that? I mean, right now there's only, I guess, seven plaintiffs before the district court and on appeal. So what's the basis of the district court's authority to grant a broader order? Well, the city would agree with your position, Judge Acuda, that the district court exceeded its authority respectfully by issuing a class-wide injunction prior to issuing class certification, and that the city believes, based on the evidence in the law, under the winter sectors, even the seven main plaintiffs have not shown that they're entitled to the preliminary injunction sought, but even if that were the case, a broader injunction applying to the more than 600 individuals in County Jail 5 is simply inappropriate. So that brings me back to my question, which I don't think got answered. Let's just take the remaining plaintiffs who might be included, not a broader class, because that's not what's been appealed from, really. If we were to grant, isn't there the possibility that the court could fashion a preliminary injunction tailored to those individuals? I'm not saying it will, it would depend on the ruling, but that just goes to the question of whether the case is moot. So I'm not sure why it would be moot, given the potential for fashioning relief. Yes, Judge McEwen, I see your point that if the court were to interpret the district court's order at, or the appeal is not as to the scope of the district court's order, but as to a denial of an injunction, then I agree that the cross appeal on that issue would not be moot. However, it would still be inappropriate to grant the requested relief because plaintiffs have not shown they're likely to succeed under either. Right, but that then goes to the standards of whether or not they would prevail substantively in challenging the terms of the injunction as opposed to their ability to challenge it, correct? Correct, Your Honor. Although I would say that what we're discussing is a hypothetical that's different than what plaintiffs have done in this case, because by seeking a cross appeal regarding the entire class, the appeal isn't limited just to the named plaintiffs who didn't receive the requested relief in the district court. The cross appeal is on its face regarding the scope of the district court's injunction that was actually issued. And so it is subject to the 90 day provisions of the PLRA. Moving on to the first winter factor, there is no per se right, per se constitutional right to outdoor recreation under either the eighth or the 14th amendments. The cases in this circuit have consistently exercised restraint stating that instead whether outdoor recreation is required is a fact specific inquiry, depending on the conditions of the confinement for that particular inmate, including that inmate's access to out of cell time, access to indoor recreation, and their segregation status. Plaintiff's motion conflates constitutional right to exercise with the fact specific right to whether or not an inmate has a right to outdoor recreation. As was mentioned in the motion to dismiss, CJ4 was closed in September 2020. So I'll focus my argument unless the court requests otherwise on CJ5, which is the currently operating facility. All inmates in CJ5 have a window in their cell, which shows access to the outside and is sufficient to show the passage of time. Photographs of exemplars of those windows are in the record at pages 49 through 50. Additionally, all general population inmates in County Jail 5 have several hours of the common room and the gym every day. And this is at the time the injunction was issued. On weekdays, it was four and a half hours. On weekends, it was eight. The reason for the distinction is because inmates had access to programming and educational opportunities on weekdays. Inside the gym, which is roughly half the size of the basketball court, there are two five by seven foot grates that allow in fresh air. The County Jail 5 provides all inmates access to exercise, recreation, fresh air, and sunlight. The district court's order essentially, the district court's mandatory preliminary injunction, essentially just changed the amount and combination in which the city was required to provide those resources. The case of the plaintiff's site, the suggest of the contrary, are distinguishable for three important reasons. The first is that as a practical matter, these cases concern inmates who practically had no access to indoor recreation, which is, again, different than County Jail 5 in San Francisco. The cases cited by opposing counsel do refer to outdoor. They all use the word outdoor before exercise. So why? And so the plaintiffs put a lot of weight on the fact that the ruling actually is about outdoor recreation. Why shouldn't we take that into account? That's an over reading of the cases, Your Honor, because looking at the facts of the case of plaintiffs cited, they're not in a posture that we are here where inmates had access to adequate indoor recreation. And we're questioning the narrower issue of whether or not that recreation needed to provide out of doors. In fact, the recreation that was provided, if any was provided at all in the cases plaintiff cited, are significantly more restricted in the case in San Francisco. As an example, in Spain, the inmates were in administrative segregation and permitted to exercise only one at a time in a corridor fronting eight or nine cells. In Allen, the plaintiff alleged that he was only allowed out of his cell weekly. And in Lopez, the plaintiff indicated that he had been denied yard access for six and a half weeks with absolutely no indication that he had access to indoor recreation. Additionally, and importantly, the cases plaintiff cite are in a different procedural posture. The majority of them are rulings on a motion for summary judgment or a motion to dismiss. The difference in procedural posture is important to this court's analysis because the burden that applies to a plaintiff opposing a motion for summary judgment or a motion to dismiss is significantly lower than the burden on a plaintiff making a motion for a mandatory preliminary injunction. For example, in Allen, does the city read the injunction as requiring the city to provide a space outdoors for exercise or merely just access to light? Because it seemed to me it was there's a lot of discussion about outdoor exercise, but it seemed to me that this court's injunction would have been satisfied by just, for example, a balcony, you know, where you could feel the light. Yes, Your Honor, as a practical matter, yes. And I do appreciate the distinction between exercise and what I've called recreation, meaning access to the outdoors that is not for the purposes of exercise. However, the district court's order was a two prong injunction. It required the county jail to provide inmates in administrative segregation specific amount of time. That's a portion of the preliminary injunction we did not appeal. It also required the county jail to provide inmates, pretrial inmates in our custody for more than four years, access to direct sunlight. Practically based on the structure of County Jail 4 and 5, the only indoor space that the court found could comply with the direct sunlight provision were a limited number of cells on the perimeter of County Jail 4, which were allowed in sunlight through louvered windows that could open. In order to comply with the district court's order regarding inmates in administrative segregation and how much exercise time they receive, the city was required to move those inmates to County Jail 5 because County Jail 4 only had one gym for the entire facility, whereas 5 has a different gym for each pod. There is no secure outdoor space, a balcony or otherwise, at County Jail 5. So practically, in order to comply with both prongs of the district court's injunction, the city was required to make significant architectural and security changes to its Should the court find that the district court incorrectly ruled on the first winter factor, it also must find that the district court incorrectly ruled on the second factor regarding irreparable harm. And that's because the only irreparable harm that the district court credited was the likelihood of a constitutional injury. However, as I mentioned before, the cases on which plaintiffs rely are in a significantly different procedural posture. For example, a finding that plaintiffs have presented sufficient evidence to overcome a finding that plaintiffs have shown a likelihood of success on the merits. And in fact, the court in Allen hints at this distinction when it says, quote, although the length and severity of the alleged illegal conduct may be critical questions at trial, they are not dispositive at the summary judgment stage. Again, cuing in that the fact that it was a motion for summary judgment was material to the court's holding. Again, I'd point out that the cases plaintiffs cite all involve inmates in continuous long-term segregation. For example, in Lamar, Keenan, and Hoskins, the plaintiffs were in disciplinary segregation. In Allen and Lopez, they were in a secure housing unit or a shoot. In Jane, the inmates were in lockdown. In Grizzle, they were in administrative segregation. And in Jackson, they were in solitary confinement. That factor was meaning these inmates were not general population inmates. And that factor was significant to the court's holding because it found that continuous long-term segregation was one of the reasons that outdoor recreation was required. If that's the case, then the district court's order, which would have required outdoor recreation, even for general population inmates, exceeds the authority set forth in these cases and is inappropriate under the circumstances. Ms. Murphy, one of the features of the district court's opinion was that on the Eighth Amendment claim, they conducted more of a balancing analysis. And on the Fourteenth Amendment claim, it seems to have recognized more of a first day right to light exposure. Is that the right way to do this or not? I think the district court's distinction between the 18th and 14th Amendment analysis was flawed in two different ways. First, when we discuss light exposure, the question is what kind of light exposure? For example, does it mean exposure through your eyes to direct sunlight, seeing the passage of time? Or does it mean direct sunlight on your skin? I'd submit that plaintiff's expert, Dr. Zeitzer, actually testified to what the important access to sunlight is. And it's the direct access to sunlight to be able to see the passage of time through your eyes. He testified that an individual could have that distinction by being outside. They could have it inside by looking out a window or they could have it inside under artificial lights where the lights are brighter and dimmer during the day. Additionally, this court's most recent authority, which happens to analyze the question under the 14th Amendment, are actually the most helpful places in showing that there is no per se right to outdoor recreation. For example, in Shorter v. Baca, this court held that jails must provide outdoor recreation opportunities or otherwise meaningful recreation. And in Pierce, similarly, the court found that jails needed to provide a meaningful vindication of the right to exercise. There's absolutely no Ninth Circuit authority to suggest that a meaningful vindication of the right to exercise or otherwise meaningful recreation can be provided with adequate sunlight, especially where inmates in general population have access to that gym between four and eight hours a day. And finally, I move on to the district court's analysis of the third and fourth winter factors. And I just point out that because the district court discredited the city's legitimate government interests for its policy under the first winter factor, it also improperly discredited those under the third and fourth winter factors. But whether or not a government interest constitutes a legitimate government interest for the purpose of the 14th Amendment is a separate analysis from whether or not that interest is a hardship to defendants or should be considered in the analysis of the public interest. And so by simply repurposing its initial argument from the 14th Amendment, the district court was in error. And I don't want to save some remaining time. Thank you, Judge McHugh, and I would. I'll submit for now. Ms. Wang, if you could please unmute yourself. My apologies. Good morning. May it be morning. My name is Yolanda Huang and I represent the plaintiffs who are all except for one individual pretrial inmates in the San Francisco County Jail. Plaintiffs, like every other inmate in a San Francisco County Jail, 85 percent of whom are pretrial detainees, never get to be outside, never get to be in sunlight, and spend long, significant lengths of time, years indoors under artificial light. Defendants' excuse for this treatment of each and every inmate in their custody, denying all access to sunlight, denying all access to outdoor recreation and exercise as an ordinary condition of confinement is pinned on a mere four words of dicta in Shorter v. Baca. Defendants assert without proof and contrary to the findings of fact by the magistrate judge that the occluded view of the outdoors through a sliver of a window in individual cells and an air vent in the gym are acceptable substitutes for outdoor access. Of the 55 cases in the fourth, sixth, and ninth circuits, which cite Shorter v. Baca, none of them cite Shorter v. Baca for the proposition defendants assert, which is that the total denial of outdoor recreation as an ordinary condition of confinement is acceptable. Ms. Huang, are you, are your clients asking for an outdoor space within which to have sunlight access, regardless of whether it's a space suitable for exercise? Do you see the distinction? I do see the distinction and I agree with the way that the magistrate judge crafted this, that the city could provide exercise indoors, but they have to provide outdoor access so that there does not have to be enough space where they could exercise like a normal person, access to direct sunlight. I want to, which of our, which of our cases would you point to for that, for the existence of that, right? There are a number of cases, Killingsworth v. Godfrey, which was a central district case, 2019, specifically stated that even though the inmates were provided two hours of indoor exercise, just because you have indoor exercise does not mean you have to, you don't have to let them exercise outdoors. And it's cited the long string of cases in our circuit, beginning with Hearns, Lemaire v. Mass, Lopez v. Smith, Keenan v. Hall, which have all stated that the deprivation of outdoor exercise as a ordinary condition of confinement meets the objective requirements of the eighth amendment of cruel and unusual punishment. I think that the cases are clear in this aspect. And I also want to address what defendants stated about their occluded windows and their vents. I think it's very important to understand that the magistrate judge in this case conducted a personal inspection of the San Francisco County jails. She personally examined the cells, the gyms, the windows and the air vents. And despite the defendant's assertion that these are sufficient replacements for access to the outdoors, the magistrate judge, as a finder of fact, found that these occluded windows and air vents are an insufficient substitute and not comparable to outdoor access. Oh, excuse me. A opposing counsel argues that although a number of our cases use the word outdoor as an adjective before exercise, none of them adjudicated the outdoorness of the exercise and that those cases were really looking at whether exercise was required or not. And so that there wasn't there aren't any cases focusing particularly on outdoorness or sunlight. Could you address that? I completely disagree. I don't feel that she's basically stating that the adjective outdoor next to exercise is meaningless. And I think that if you're looking at these cases, there are specific cases which provide inmates with indoor exercise in which the the lawsuit was brought for denial of outdoor exercise. And I think that in these cases, the courts have upheld that indoor exercise standing alone is insufficient. I saw a couple of cases that said indoor exercise was insufficient when the prisoner had to use a narrow hallway and there wasn't really room for meaningful exercise. Is there any case that's focusing on sunlight? Because I think your your answer to Judge Brass was that the outdoorness was separate from the exercise in your case. I would cite again, Killingsworth versus Godfrey. Is that a district court case or is that a Ninth Circuit case? That is a district court case. And LaMere specifically say stated long term denial of outdoor exercise is unconstitutional. I think I think that the issue is that these cases didn't consider how we would address the case that allowed indoor exercise. And here are the amount of indoor exercise that's that's allowed. That actually does exceed some of the some of the cases where we've ordered it exceeds what we ordered in here. So I just I'm not sure that we actually addressed this situation. There is another case that I wanted to refer to that I was going to refer to later on down the line, which specified the amount of time that a that needs to be provided. And that's Toussaint versus Ruchin. That is a district court case. It's a 1983 case which specifically required that the the facility provide outdoor exercise at least one hour every day or two hours every other day or at least three times a week. And this was a 1983 case. I want the court to note that that standard that Toussaint versus Ruchin specified has been adopted by the state of California and its state regulations apply to the most serious violent criminals, people in administrative segregation or the SHU, where the requirement is that they are to be provided a minimum of three times a week for use of the yard. So I think that these are standards over the 40 years since Spain versus Procure, which has been standardized by the courts and now adopted by regulations in the state. And that one of the things the district court was noted was that the medical evidence that was presented by the plaintiffs, the expert was very limited and related to circadian rhythms as opposed to other benefits or disadvantages from lack of some direct sunlight. Opposing counsel says that the based on the expert, the the circadian rhythm issue can be fulfilled without being actually outdoors. What's your response to that? I think the expert was giving hypotheticals in ideal situations. What the expert has very clearly stated is that even though these are hypotheticals, none of those have been implemented in any extent anywhere in the world. It's not been implemented in the Arctic except on a temporary basis or in Antarctica or for miners in caves. What he did say is that there are very strong specifications for what is required for outdoor exercise or the amount of light that's and it's technical. The problem we've had in this case is we have not been allowed to go in on discovery to do the medical review that is necessary to find out additional medical problems. And he was just opining based upon the state of the general research rather than the physical condition of the actual plaintiffs in this case. I think that what what you're going to have to look at then is if the holding in Spain is meaningless, then I think that there is a problem. I think Spain, the court in Spain versus Procunia, very clearly held that even though prisoners are allowed exercise in a hallway indoors, they need to be permitted outdoor access. And so stated, I mean, the facts in Spain seem considerably more severe than here now. Well, I think that if you're going to give jails that latitude and I think that the issue of discretion is important because I think the cases have specifically held, particularly with the 14th Amendment. The denial of outdoor recreation is a per se constitutional violation. I thought Spain said it was not or reserve that question. We do not consider it necessary to decide whether deprivation of outdoor exercise is a per se violation of the 8th Amendment. So as far as I know, the Ninth Circuit has has not addressed that question. Well, I think that they have in the cases following Spain, which have held that it is a per se violation in terms of the denial of outdoor recreation, I mean, outdoor access. And that it's in and the holding on that is based upon the fact that when you have the denial as it's in shorter v. Baca of itself, that when you have a little argument to make, I mean, I don't think we've ever said it's a per se violation. Spain says the opposite. Um, well, then you're going to have to deal with the holding in shorter v. Baca. Well, it's otherwise painful recreation, so shorter v. Baca didn't require outdoor recreation either. Shorter v. Baca was holding that there was no short. I think the case in shorter v. Baca has to be looked at on the facts. Shorter v. Baca was pursuant to a jury trial where the court issued a deference jury instruction and on appeal, the court of appeals held that the deference instruction was inappropriate in a 14th amendment case where the denial of recreation and particularly outdoor recreation was an ordinary condition of confinement. That was the distinction that denial of outdoor recreation is acceptable as an based upon some exigent circumstances or violence, but not as a continual denial. And I think the cases on that are very clear. I think that Keenan v. Hall specifically states that that prisoners confined to continuously confined may not be deprived of outdoor recreation. Toussaint v. McCarthy says that they cannot regularly deprive prisoners of outdoor recreation. And I think that these are the cases that if you're going to be talking about pretrial detainees who cannot be punished, that there is a holding that long-term deprivation of the access to the outdoors is a constitutional violation. And I think that that was cited with approval by Justice Scalia in Wilson v. Sitzer. He specifically cited the outdoor aspect of the Spain ruling. Would you address this issue of being able to, in effect, give class-wide relief that Ms. Murphy also commented on? Of course, she challenges in this preliminary injunction status and pre-certification. We disagree with what Ms. Murphy has stated. We feel that the conditions which the plaintiffs are subject to are class-wide. It is a standard policy of the court, of the jail, to deny everyone outdoor recreation. And their excuse was there is no physical facility. And they requested deference because they didn't want to expend the funds to do a physical plant change. So in that sense, the practical aspect of making this order would be that if they were to make the change, it would be lacking in common sense to say, let's carve out a small exception for nine people when it is a practice and policy of the city to do this. And I think that that's what I understand that, you know, you're practical. But, of course, that really is up to the city and county to resolve that question. I'm asking more of a legal question, the authority to issue the injunction of that scope or that application. I'm going to need to look at that if you give me just a minute and perhaps I can just finish my other arguments. Would that be possible? That's fine. All right. I think that what I want to also say that the four words that Ms. Murphy was citing in Shorter V. Baca is dicta, that the issue of what alternative or acceptable alternative forms of outdoor recreation was not before the court. And I think that the reason why in Spain they stated that they were not finding a per se violation was because on the facts of Spain, that it was sufficient to find a constitutional violation and that the courts subsequent to Spain have interpreted that to say that there is, in fact, a per se violation when there is a total denial of outdoor access. Well, speaking of going to the to the shorter case, I mean, there is the issue there of logistical complications, which is one way to read it and not to read it as broadly as Ms. Murphy would have us read it, but to say that the court was accommodating logistical situation. Would you agree with that narrower reading of the case? I think the way I would read it is that mere logistics is not an excuse, and I think there's a case where I think it was in Grizzle or in which held that they were saying they could not provide the outdoor education because of staffing or scheduling. And the courts simply said that's not an acceptable answer, that unless it is a security related reason, you cannot deny people complete outdoor exercise, that that is not a justification for it and neither is the plant. And that, I think, is Grizzle versus City of San Diego, who also argued that their physical facility did not allow for outdoor recreation. And the court in Grizzle said, well, that's not an excuse that you cannot use that as an excuse to deny inmates total, you know, to hold them for long term in an interior setting. I would also like to just briefly address in the time that I have left. Are you going to come back to my question? I will. Why don't you do it now? I don't know that time will actually change the answer one way or the other, but what's the answer to that in terms of the authority? I'm going to just pull it up in a second. And while I do that, I just want to also say that in terms of our cross appeal, that what we are asking for is a standard that the state of California has implemented, which is that every individual should be allowed no less than three opportunities per week of outdoor recreation. That's now been adopted in the regulations and that's been adopted in the more recent. Does that matter for purposes of our constitutional analysis? Excuse me, Your Honor, could you say that? It doesn't matter what the state has adopted as regulations with respect to our constitutional analysis. I would say that the state has adopted that after the court rulings and the court ruling was in Tucson versus Ruchin, which adopted that amount of time and that the state regs were adopted 22 years later with those standards. So it. So yes or no? No. OK, thank you. I think that the state standards reflect the. Reflect what the courts in this circuit have adopted. So give me just two seconds. You know, I can't find where in our brief that we talked about the oh, here it is in the preliminary injunction. There's nothing improper about a preliminary injunction preceding a ruling on class certification. And for that, we we cited Gooch versus Life Investors and. I don't think it's the order that judge was asking. It was the scope of the preliminary injunction. But the preliminary injunction applied to an entire class before class certification. I don't have any authority for that. I do want to inform the court that we have filed a motion for class certification, which is pending before the district court. Right. But that that, of course, begs the question of the propriety here. You have about a minute left, I believe. I think the last issue that I'd like to address is the most the the in the dismissal that it is in our cross appeal that. There should not have been the dismissal of the entity of the San Francisco County Sheriff's Department, that there are more recent cases which hold that the sheriff's department as a separate elected official can be sued as a separate entity. And then I think on the issue of qualified immunity for the dismissal of the individuals that Keenan versus Hall has held, that when inmates are confined to continuous and long term denial of outdoor exercise, that that qualified immunity does not apply. So with that, I would like to ask that the court remand this for further hearings by the district court in line with what our requests for relief are. Thank you. Ms. Murphy. Thank you, Your Honor. I start out by noting that the state court regulations I believe Plaintiff's counsel is referring to apply to prisons, not jails. I'm not aware of any suggestion that San Francisco is out of compliance with a state regulation that applies to jails. And again, this is a county jail, not a prison. Looking at the main cases plaintiffs cited in their statement, I'd like to point out if I can the factual differences. So looking at Toussaint v. McCarthy, in that case, the plaintiff was stating he had no access to recreation outside his cell. And so, of course, there was no discussion of the difference between outdoor recreation and indoor recreation in a gym. In Lemaire v. Moss, again, the injunction was to provide inmates access to exercise outside of their cells. And they claim that they had no exercise prior to the injunction. And looking at Keenan, the exercise was limited to a 10 by 12 foot room, again, very different than the circumstances that are present in California, excuse me, in San Francisco. Additionally, in Grizzle, the district court case the plaintiff cited, the district court in reaching and holding on a motion to dismiss, not a preliminary injunction, held that part of the factor it considered relevant was that the defendants had not claimed it was impossible to provide outdoor recreation. Here, San Francisco is saying that with the current jail facilities, it's impossible to provide all inmates with the direct sunlight, as stated in the district court order. Moving on to the motion to dismiss as part of plaintiff's cross appeal, I don't think it's appropriate for the court to exercise pendant jurisdiction here. And the reason is that the issues on cross appeal of the motion to dismiss are not inextricably intertwined with the motions on appeal in the preliminary injunction. Looking first at whether or not the sheriff is a necessary party or was properly dismissed. First, the relief plaintiff seek is essentially a structural modification to the jail, which is something that would need to be approved by the board of supervisors, not the sheriff's office. And secondly, the evidence that the sheriff's office is not an indispensable or necessary party is relevant by looking at the fact that the sheriff's office is currently complying with the first prong of the district court's injunction, or to The preliminary injunction was issued on January 31st. The sheriff's office complied with the first prong of the injunction regarding outdoor recreation for inmates in administrative segregation. It's a portion that wasn't challenged on appeal. And so plaintiffs can receive the relief they request without addressing the motion to dismiss regarding the sheriff. Similarly, the question of whether there's a clearly established right to exercise is similar but not identical to the question of whether plaintiffs are likely to succeed on the merits of their underlying claim. Which is what the court needs to address to consider the preliminary injunction. Thank you for your time. I see I'm out of time. Thank you. I'd like to thank both counsel both for the briefing and for the argument this morning. The case just argued is submitted and we're adjourned for the morning.
judges: McKeown, Ikuta, Bress